10-1216-ag
Camara v. Holder

BIA
Ferris, IJ
A095 589 087

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand eleven.

PRESENT:
>       ROSEMARY S. POOLER,
>       ROBERT D. SACK,
>       RICHARD C. WESLEY,
>            *Circuit Judges.*

_____

SAIDOU CAMARA,
>       *Petitioner,*

>       v.                                    10-1216-ag
>                                             NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Ronald S. Salomon, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Jennifer A. Singer, Trial Attorney; Office of Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Saidou Camara, an alleged native and citizen of Mauritania, seeks review of a March 5, 2010, decision of the BIA affirming the June 25, 2008, decision of Immigration Judge ("IJ") Noel A. Ferris, which denied Camara's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Saidou Camara,* No. A095 589 087 (B.I.A. Mar. 5, 2010), *aff'g* No. A095 589 087 (Immig. Ct. N.Y. City June 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because the BIA summarily affirmed the IJ's decision, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Contrary to Camara's argument in this Court,

substantial evidence supports the agency's adverse credibility determination. The IJ reasonably relied on inconsistencies in Camara's testimony and documentation, as well as the vagueness and incoherence of his testimony and his unresponsive answers to questions. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000); *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). The IJ pointed to specific inconsistencies, including that: when asked what he did with the community group, Camara testified that he merely sold books and donated a small percentage to the group, and "didn't do anything else," but his asylum application indicated that he also participated in rallies; when asked what happened to the Senegalese passport he allegedly used to enter the United States, Camara testified both that he threw it away and that he lost it; and Camara testified that he stayed in Seattle for five months on arriving in the United States, then changed his answer to three months, but his application indicated that he lived in Seattle for two years.

Based on these inconsistencies, as well as the incidents of vagueness, incoherence, and lack of

responsiveness cited by the IJ, the adverse credibility determination is supported by substantial evidence. *Tu Lin*, 446 F.3d at 402. We do not reach the IJ's alternative conclusion that Camara failed to meet his burden of proof, as Camara's claims all were based on the same factual predicate, and thus the adverse credibility determination was a proper basis for denial of asylum, as well as withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4